**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INFINITY MANAGEMENT & INVESTMENT, LLC, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>BRUCE AUSTIN,<br><br>        Defendant. | Case No.: 1:25-cv-01180 JLT SKO<br><br>ORDER *SUA SPONTE* REMANDING CASE TO MERCED COUNTY SUPERIOR COURT |

On June 9, 2025, Infinity Management & Investment, LLC initiated a complaint for unlawful detainer in Merced County Superior Court, Case No. 25CV-03099, against Bruce Austin. (Doc. 1 at 27–28 ("Unlawful Detainer Action").) On September 11, 2025, Mr. Austin filed a "Complaint"[1] in this Court, to which he has attached the Unlawful Detainer Action as well as numerous filings from that Action. (*See generally* Doc. 1.) Mr. Austin's filings reveal that Infinity Management has obtained a writ of possession for the property at issue in the Unlawful Detainer Action and "are proceeding with Plaintiff's eviction." (Doc. 1 at 9.) Mr. Austin requests, among other things, emergency injunctive relief against Infinity Management and their agents, precluding enforcement of the writ of possession and/or any other action to evict Mr. Austin. (*Id*. at 12.) Construing Mr. Austin's pro se filing liberally, the Court treats it as a Notice of Removal. For the reasons set forth below, the Court finds that it lacks

---

[1] The Complaint bears a heading referencing the U.S. Court of Federal Claims, but the document was filed with this Court.

1

subject matter jurisdiction over the action and therefore **REMANDS** the matter to Merced County Superior Court.

## I. Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683–85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The Court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192–93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding a "district court *must* remand if it lacks jurisdiction"). Thus, a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

## II. Discussion and Analysis

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint

rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *see also California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Instead, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

The only cause of action identified by Infinity Management in the removed complaint is unlawful detainer. (*See* Doc. 1 at 27.) An unlawful detainer action arises under state law, not federal law. *See Wells Fargo Bank v. Sherzad*, 2022 WL 913251, at *1 (E.D. Cal. Mar. 29, 2022) (a complaint for unlawful detainer "relies solely on California state law and does not state any claims under federal law"); *Fannie Mae v. Suarez*, 2011 WL 13359134, at *2 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"). Thus, Infinity Management did not raise a claim that invokes federal subject matter jurisdiction.

To the extent the "Complaint" filed here could be construed as a stand-alone lawsuit and not as a notice of removal, it would be barred entirely by the *Rooker-Feldman* doctrine, which precludes district courts from exercising subject matter jurisdiction over cases that are de facto appeals from state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983). A federal action is a "de facto appeal" of a state court decision when the plaintiff "complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Lower federal courts cannot adjudicate actions brought by "state-court losers" seeking relief from "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus., Corp.*, 544 U.S. 280, 284 (2005)). District courts must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with the state court proceedings. *Noel*, 341 F.3d at 1158 (citing *Facio v. Jones*, 929 F.2d 541, 543

(10th Cir. 1991), as an example of a federal case being intertwined with a state case because the federal plaintiff sought to "vacate and set aside" a previously entered state court judgment).

As mentioned, in this lawsuit, Mr. Austin requests injunctive relief against execution of the state court judgment. (Doc. 1 at 12.) *Rooker-Feldman* bars this court from entertaining that request. The remaining claims are inextricably intertwined with the state court proceeding. For example, Mr. Austin's third cause of action attempts to advance a claim for retaliation in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3617. (Doc. 1 at 10–11.) Therein, he alleges that he exercised his FHA rights by defending himself against an earlier "discriminatory and fraudulent eviction action," and that in direct retaliation, Infinity Management initiated "a second fraudulent eviction action, locked him out of the recertification process, demanded a fraudulent amount of rent, and procured a wrongful judgment against him." (*Id*.) This claim is barred as inextricably intertwined because affording "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (internal citation omitted). The same result pertains to Mr. Austin's due process claim, which alleges the state court proceedings were "corrupted by extrinsic fraud, including perjury" and thereby "deprived the state court process of its legitimacy"; to his FHA discrimination claim, which alleges, among other things, that Infinity Management initiated fraudulent evictions against him; and to the intentional infliction of emotional distress claim, which alleges that Infinity Management engaged in "outrageous conduct" by, among other things, engaging in "the prosecution of two fraudulent eviction lawsuits based on lies and perjured testimony." (Doc. 1 at 9–11); *Cooper*, 704 F.3d at 779. Thus, even if Mr. Austin did not intent for his Complaint to operate as a notice of removal, the Court has no jurisdiction over this case.

### III.   Conclusion and Order

Because there is no federal question appearing in the complaint, the Court cannot exercise jurisdiction and the action must be remanded to the state court.[2] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly, the Court **ORDERS**:

---

[2] Because the Court lacks subject matter jurisdiction over this action, the Court lacks jurisdiction to address Mr. Austin's Motion for Temporary Restraining Order. (Doc. 3).

4

1. The matter is **REMANDED** to the Superior Court for the County of Merced due to lack of subject matter jurisdiction.
2. The Clerk of Court is **DIRECTED** to terminate all pending motions.
3. The Clerk of Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated:   **September 17, 2025**

*[signature: Jennifer L. Thurston]*

UNITED STATES DISTRICT JUDGE